UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

BUTTERBALL FARMS, INC.,
a Michigan corporation,

        Plaintiff,

v.

ALTA-TESSE LLC,
a Maryland limited liability company,

        Defendant.

Case No.

Hon.

---

Randall J. Groendyk (P37196)
Francesca L. Parnham (P87300)
VARNUM LLP
Attorneys for Defendants
P.O. Box 352
Grand Rapids, MI  49501-0352
(616) 336-6573
rjgroendyk@varnumlaw.com
flparnham@varnumlaw.com

---

## **COMPLAINT**

NOW COMES Plaintiff, Butterball Farms, Inc., by and through its counsel, Varnum LLP, and states in its Complaint against Defendant, Alta-Tesse LLC, as follows:

1. This is a civil action for damages arising from Defendant's failure to pay for goods ordered, received, and accepted from Plaintiff.  Defendant placed four purchase orders with Plaintiff for dairy products; Plaintiff manufactured and delivered the goods in accordance with those orders; and Defendant has failed and refused to remit payment in the total amount of $886,480.60, despite demand.

**PARTIES**

2.    Plaintiff, Butterball Farms, Inc. ("Butterball"), is a Michigan corporation with its principal place of business at 1435 Buchanan Avenue, SW, Grand Rapids, Michigan 49507. Butterball is in the business of manufacturing and selling dairy products and was founded in 1956. For purposes of diversity jurisdiction, Butterball is a citizen of the state of Michigan.

3.    Upon information and belief, Defendant, Alta-Tesse LLC ("Alta"), is a Maryland limited liability company with its principal place of business at 595 Owensville Road, West River, Maryland 20778.  Alta is a food supplier.  For purposes of diversity jurisdiction, Alta is a citizen of the state of Maryland.

4.    Upon information and belief, Alta conducted business and placed purchase orders that directed that goods be shipped to Alta-Tesse LLC at 201 Alta Street, Gonzales, California 93926.  Butterball's invoices for the goods were issued to and addressed to Alta Fresh Foods at P.O. Box 1045, Gonzales, California 93926.

**JURISDICTION AND VENUE**

5.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties; Butterball is a citizen of Michigan, and Alta is a citizen of Maryland; and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Butterball's claims occurred in the Western District of Michigan.  Butterball manufactured the goods at its facility in Grand Rapids, Michigan; the purchase orders were accepted in Grand Rapids, Michigan; and the purchase orders identified Butterball's Grand Rapids, Michigan location as the vendor address from which the goods were to be supplied and from which they were so supplied.

2

**FACTS**

7.      Butterball is in the business of manufacturing and selling dairy products, including cream cheese spread, from its facility located in Grand Rapids, Michigan.

8.      Alta solicited Butterball to manufacture certain cream cheese products, identified as Caesar Cream Cheese Spread (SKU 777-700, SKU 777-706, and SKU 777-707) (the "Program").

9.      During the course of the Program, Alta placed a series of purchase orders with Butterball:

   a.   On or about December 19, 2025, Alta issued Purchase Order No. 1021 to Butterball for 1,664 cases of cream cheese at a rate of $124.80 per case, totaling $207,667.20. The purchase order requested that the goods be available for customer pickup by January 12, 2026. **Exhibit A.**

   b.   On or about December 20, 2025, Alta issued Purchase Order No. 1027 to Butterball for 1,664 cases of cream cheese at a rate of $124.80 per case, totaling $207,667.20. The purchase order stated that Alta would pick up the goods on January 19, 2026. **Exhibit B.**

   c.   On or about December 26, 2025, Alta issued Purchase Order No. 1031 to Butterball for 1,664 cases of cream cheese at a rate of $125.97 per case, totaling $209,614.08. The purchase order stated that Alta would pick up the goods on January 23, 2026. **Exhibit C.**

   d.   On or about January 7, 2026, Alta issued Purchase Order No. 1033 to Butterball for 1,664 cases of cream cheese at a rate of $125.97 per case, totaling $209,614.08. The purchase order requested that the goods be available for customer pickup on February 2, 2026. **Exhibit D.**

10.     Butterball manufactured, prepared, and made available the goods described in each of the foregoing purchase orders in accordance with the terms and specifications set forth therein.

11.     Alta picked up and accepted the goods from Butterball's facility in Grand Rapids, Michigan, as contemplated by the purchase orders.

12.     Following delivery of the goods, Butterball issued the following invoices to Alta, each with payment terms of Net 21 days:

a.    Invoice No. INV009928, dated January 13, 2026, in the amount of $209,614.08, corresponding to Purchase Order No. 1021, with a due date of February 2, 2026. **Exhibit E.**

b.    Invoice No. INV009964, dated January 20, 2026, in the amount of $209,614.08, corresponding to Purchase Order No. 1027, with a due date of February 10, 2026. **Exhibit F.**

c.    Invoice No. INV010003, dated January 28, 2026, in the amount of $213,471.93, corresponding to Purchase Order No. 1031, with a due date of February 18, 2026. **Exhibit G.**

d.    Invoice No. INV010034, dated February 3, 2026, in the amount of $209,780.48, corresponding to Purchase Order No. 1033, with a due date of February 23, 2026. **Exhibit H.**

13.    Alta also agreed to pay for the remaining raw ingredients from the Program; as such, on March 25, 2026, Butterball issued Invoice No. DIR000481, in the amount of $44,000, with a due date of April 15, 2026. *See* **Exhibit I**.

14.    The total amount outstanding across all five invoices is $886,480.60.

15.    Despite Butterball's delivery and Alta's acceptance of the goods, and despite the passage of the due dates on each of the invoices, Alta has failed and refused to remit payment.

16.    On March 20, 2026, Butterball sent Alta a written demand letter demanding full payment of the outstanding balance within fourteen (14) calendar days, no later than April 10, 2026.

17.    The demand advised Alta that failure to remit payment by the stated deadline would result in Butterball pursuing all available remedies, including referral to a collection agency and/or legal action, and that Alta may be responsible for collection costs, interest, and reasonable attorneys' fees.

18.    Alta failed to make payment by April 10, 2026, and the full balance of $886,480.60 remains due and owing.

## COUNT I: ACCOUNT STATED

4

19. Butterball incorporates by reference and realleges the allegations set forth in the paragraphs above as though fully set forth herein.

20. In the course of their business dealings, Butterball and Alta had mutual transactions involving the sale and purchase of cream cheese products.

21. Butterball rendered invoices to Alta reflecting the balance due for goods sold and delivered.

22. Specifically, Butterball issued Invoice Nos. INV009928, INV009964, INV010003, INV010034, DIR000481 to Alta, totaling $886,480.60.

23. Alta received the invoices and retained them without objection.

24. Alta did not dispute the correctness of the invoices or the amounts stated therein.

25. By retaining the invoices without objection or dispute, Alta impliedly assented to the correctness of the accounts as stated.

26. Despite demand, the balance of $886,480.60 remains due and unpaid.  An Affidavit is attached as **Exhibit J**.

27. As a direct and proximate result of Alta's failure to pay the account as stated, Butterball has been damaged in the amount of $886,480.60, plus interest, costs, and attorneys' fees.

**COUNT II: BREACH OF CONTRACT**

28. Butterball incorporates by reference and realleges the allegations set forth in the paragraphs above as though fully set forth herein.

29. Alta's purchase orders constituted valid and binding contracts between Butterball and Alta for the sale and purchase of cream cheese products at specified quantities and prices.

30. Specifically, Alta issued Purchase Order Nos. 1021, 1027, 1031, and 1033, each ordering 1,664 cases of cream cheese, and Butterball accepted and fulfilled those orders.

31.     Alta also agreed to cover all remaining raw ingredient costs of the Program.

32.     Butterball performed all its obligations under the contracts by manufacturing, preparing, and making the ordered goods available for Alta's pickup at Butterball's Grand Rapids, Michigan facility in accordance with the specifications, quantities, and timelines set forth in the purchase orders.

33.     Alta accepted the goods by picking them up from Butterball's facility as contemplated by the purchase orders.

34.     Alta breached the contracts by failing to pay for the goods in accordance with the payment terms.

35.     Each invoice specified Net 21 payment terms, and Alta has failed to remit payment on any of the five invoices despite the passage of their respective due dates.

36.     As a direct and proximate result of Alta's breach, Butterball has sustained damages in the amount of $886,480.60, representing the total unpaid balance across all five invoices, plus interest, costs, and attorneys' fees.

## COUNT III: UNJUST ENRICHMENT

37.     Butterball incorporates by reference and realleges the allegations set forth in the paragraphs above as though fully set forth herein.

38.     This Count is pleaded in the alternative to Count II.

39.     Butterball conferred a benefit upon Alta by manufacturing and delivering cream cheese products pursuant to the Program and Alta's purchase orders.

40.     Alta received and accepted a total of four shipments of cream cheese products, with the Program having an aggregate value of $886,480.60.

41.     Alta knew and appreciated the benefit conferred by Butterball, as Alta initiated the transactions by issuing the purchase orders and arranged for pickup of the goods from Butterball's facility.

42.     Alta has retained the benefit of the goods without paying for them.

43.     Under the circumstances, it would be inequitable and unjust for Alta to retain the benefit of the goods without compensating Butterball for their value.

44.     As a direct and proximate result of Alta's unjust enrichment, Butterball has been damaged in the amount of $886,480.60, representing the reasonable value of the goods conferred upon Alta.

### COUNT IV: STATUTORY CONVERSION (M.C.L. § 600.2919a)

45.     Butterball restates and incorporates by reference the allegations set forth in the paragraphs above as though fully set forth herein.

46.     Butterball had an ownership interest in the goods it sold and delivered to Alta, specifically the right to receive payment in the amount of $886,480.60 as evidenced by the invoices and purchase orders set forth above.

47.     Alta converted Butterball's property—namely, the goods delivered—by accepting and retaining the goods, receiving the benefit thereof, and willfully refusing to remit the payments due under the invoices, despite Butterball's demand for payment.

48.     Alta's conversion was willful and without authorization, justification, or excuse, as it received goods of substantial value, was repeatedly invoiced for those goods, and received a formal demand for payment on March 20, 2026, yet failed and refused to pay.

49.     Pursuant to M.C.L. § 600.2919a, a person who is damaged by another person's stealing or converting property to the other person's own use is entitled to recover three times the amount of actual damages sustained, plus costs and reasonable attorneys' fees.

50.     As a direct and proximate result of Alta's statutory conversion, Butterball has been damaged in an amount not less than $886,480.60 in actual damages and is entitled to treble damages in the amount of $2,659,441.80, plus costs and reasonable attorneys' fees pursuant to M.C.L. § 600.2919a.

### COUNT V: COMMON LAW CONVERSION

51.     Butterball restates and incorporates by reference the allegations set forth in all paragraphs above as though fully set forth herein.

52.     Butterball had an ownership interest in and right to possession of the products it manufactured and delivered to Alta, totaling $886,480.60.

53.     Alta committed an intentional act of dominion and control over Butterball's property that was inconsistent with Butterball's rights by accepting and retaining the goods, receiving the full benefit of those goods, and refusing to remit the payment due to Butterball despite repeated invoicing and a formal written demand.

54.     Alta's exercise of dominion and control over the products without remitting the funds owed to Butterball was unauthorized, unjustified, and without Butterball's consent.

55.     As a direct and proximate result of Alta's conversion, Butterball has been damaged in an amount not less than $886,480.60, plus interest, costs, and attorneys' fees as allowed by law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Butterball Farms, Inc., respectfully requests that this Court enter judgment in its favor and against Defendant, Alta-Tesse LLC as follows:

A.     On Count I (Account Stated): damages in the amount of $886,480.60;

B.     On Count II (Breach of Contract): damages in the amount of $886,480.60;

C.     On Count III (Unjust Enrichment): restitution in the amount of $886,480.60, or such other amount as may be proven at trial;

D.       On Count IV (Statutory Conversion under M.C.L. § 600.2919a): treble damages in the amount of $2,659,441.80, plus costs and reasonable attorneys' fees;

E.       On Count V (Common Law Conversion): compensatory damages in an amount not less than $886,480.60;

F.       Pre-judgment interest at the applicable statutory rate from the dates each invoice became due;

G.       Post-judgment interest at the applicable statutory rate pursuant to 28 U.S.C. § 1961;

H.       Costs of suit, including reasonable attorneys' fees to the extent permitted by law;

I.       Such other and further relief as this Court deems just and proper.

Respectfully submitted,

VARNUM LLP
Attorneys for Defendants.

Dated:  April 20, 2026

By:_____*/s/ Francesca L. Parnham*_____
    Randall J. Groendyk (P37196)
    Francesca L. Parnham (P87300)
Business Address, Telephone, and E-mail:
    P.O. Box 352
    Grand Rapids, MI  49501-0352
    (616) 336-6573
    rjgroendyk@varnumlaw.com
    flparnham@varnumlaw.com